```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ELISABETH RUSSELL,

        Plaintiff,

v.                                      Case No: 2:14-cv-377-FtM-29CM

TARGET CORPORATION,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Remand (Doc. #5) filed on July 17, 2014. Defendant filed a Memorandum of Law in Opposition (Doc. #6) on July 23, 2014. Plaintiff argues that reliance on a pre-suit demand letter was insufficient to support the amount in controversy at the time of removal.

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Defendant filed a Notice of/Petition for Removal of Civil Action (Doc. #1) indicating that it is a Minnesota corporation with its principal place of business in the State of Minnesota. (Doc. #1, p. 3.) Defendant also

states that plaintiff is domiciled in Lee County, Florida. (Id.) Defendant alleges that the amount in controversy is met based on pre-suit correspondence from plaintiff's counsel. (Id., pp. 3-4.)

The parties do not dispute the diversity of their citizenship. Thus, the issue is whether defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062. When the amount in controversy is not apparent on the face of the Complaint, as in this case, the Court looks to the Notice of Removal and defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional amount. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In doing so, defendant may use affidavits, declarations, or other documentation. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010). Settlement offers may constitute "other paper" for purposes of establishing the amount in

controversy.  <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007)(citing 28 U.S.C. § 1446(a)).

Defendant filed an Affidavit of Joseph Michael Sette, Esquire (Doc. #1-1, Exh. A) stating that plaintiff demanded $245,000, based on injuries, impairments, damages and losses, and past medical bills of the specified amount of $64,397.36.  Plaintiff argues that damages remain too speculative to determine the amount in controversy or support removal, and the settlement offer itself may not be determinative.  <u>See, e.g.</u>, <u>Jackson v. Select Portfolio Servicing, Inc.</u>, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  This case is distinguishable.  In the Complaint (Doc. #2), plaintiff alleges that she "suffered bodily injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expenses, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing and Plaintiff, Elisabeth Russell, will suffer losses in the future."  (Doc. #2, ¶¶ 11, 16.)  The Court finds that the specified incurred medical expenses coupled with the allegations of permanent or continuing losses, more than adequately meet the requisite amount in controversy by a preponderance of the evidence, and that defendant met its burden.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Remand (Doc. #5) filed on July 17, 2014 is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of August, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record