UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELISABETH RUSSELL,

    Plaintiff,

v.                                    Case No: 2:14-cv-377-FtM-29CM

TARGET CORPORATION,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Final Summary Judgment (Doc. #35) filed on September 11, 2015. On October 13, 2015, the Court directed Plaintiff, who is proceeding pro se (Doc. #33), to file a response to the motion within twenty-one days. (Doc. #40.) That Order warned Plaintiff "that a decision on the pending motion for summary judgment could be _dispositive_ of the _entire_ case," that it is her burden "to dispute the evidence presented by Defendant" in the motion, and that "[i]f no response is filed, the Court will rule on the motion without further notice and without the benefit of a response." (Id.) On October 21, 2015, Defendant filed a Notice (Doc. #41) stating that Plaintiff had provided Defendant (but not the Court) with an updated mailing address while she travelled out of state. The Notice further stated that Defendant served the Court's Order (Doc. #40) directing Plaintiff to respond to the Motion for Summary Judgment on Plaintiff at her updated address. (Id.) Plaintiff

has not filed a response, and more than twenty-one days have elapsed since both the Court's October 13, 2015 Order and Defendant's Notice that they had served the Order on Plaintiff at her updated address. Therefore, the Court will consider Defendant's motion without the benefit of a response. For the reasons set forth below, the motion is granted.

## I.

Plaintiff Elisabeth Russell (Plaintiff or Russell) has filed a two-count Complaint (Doc. #2) against Defendant Target Corporation (Defendant or Target) alleging that Russell sustained injuries due to a slip-and-fall that took place at a Target store in Naples, Florida. According to Russell, Target is liable for her injuries because the slip-and-fall was caused by Target's negligence. The relevant undisputed facts are as follows:

On October 27, 2012, Russell visited the Target store located at 2415 Tarpon Bay Drive in Naples, Florida. (Id. at ¶ 5.) Prior to her fall, Russell frequented that Target location two or three times per week without incident. (Doc. #35-1, p. 2.) While in the bakery section, Russell reached for a piece of cake and fell when her right foot slipped out from under her. (Id. at pp. 4-6.) Before she fell, Russell did not observe anything on the floor that may have caused her to slip. (Id. at p. 5.) Likewise, Russell did not observe anything on the floor after her fall, or at any other point in time. (Id. at pp. 10, 13.) Although Russell

2

assumes that there must have been something on the floor which caused her to slip, she does not know what that substance was. (Id. at pp. 10-15.) Three Target employees responded to Russell after her fall and visually inspected the floor where the incident occurred. (Id. at pp. 19-20, 23, 28.) Each testified that they found no liquid or other objects on the floor which could have caused Russell to slip. (Id.) In addition to the visual inspection after the fall, Target employees conduct routine visual inspections of the entire store floor, clean the floor daily, and clean up reported spills. (Id. at p. 25.)

The Complaint alleges two counts of negligence against Target. Count I alleges that Target breached its duty to "maintain the premises in a reasonably safe condition," and its duty to "warn Plaintiff of all dangerous conditions." (Doc. #2, ¶¶ 8.) Count II alleges that Target breached its duty to "operate its business in a non-negligent manner and implement methodology which does not cause or contribute to the creation of dangerous conditions." (Id. at ¶ 13.) Target now moves for summary judgment on both counts, arguing that the undisputed facts set forth above are insufficient to establish any breach of a duty owed to Russell.

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).  However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from

4

the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

### III.

A cause of action based on negligence comprises four elements: (1) a duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) a causal connection between defendant's breach and plaintiff's injury; and (4) actual loss or damage. Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003). Only the second element is at issue here. Each of the Complaint's two counts is premised on Target's duties to keep its premises free of dangerous conditions and to warn patrons of any dangerous conditions that do exist. Thus, the existence of a dangerous condition is a prerequisite to finding that Target breached either duty. Target argues that the undisputed facts are insufficient to allow a jury to reasonably conclude that a dangerous condition existed at the time Russell fell. The Court agrees.

"Before there can be recovery for a slip and fall injury, the allegations must show some negligence on the part of the defendant." Gordon v. Target Corp., No. 07-CV-80412, 2008 WL 2557509, at *7 (S.D. Fla. June 23, 2008). Where, as here, a defendant seeks summary judgment based upon the nonexistence of a dangerous condition, it must be "conclusively proven that there was no substance on the floor that was the proximate cause of

5

[plaintiff's] injuries." Williams v. Sears, Roebuck & Co., 866 So. 2d 122, 123 (Fla. 4th DCA 2004). Once a defendant has provided such evidence, the burden then shifts to the plaintiff, who must "show by reference to the record that there is indeed a genuine issue of fact regarding [the defendant's] alleged negligence. Gordon, 2008 WL 2557509, at *7. "Importantly, negligence may not be inferred from the mere happening of an accident alone." Oken v. CBOCS, Inc., No. 12-CV-782, 2013 WL 2154848, at *6 (M.D. Fla. May 17, 2013) (quotation omitted). Therefore, a plaintiff cannot avoid summary judgment "merely by asserting that because she slipped, it must be assumed or presumed that there had to be *something* of a foreign nature on the floor that precipitated her fall." Williams 866 So. 2d at 123-24; see also Gordon, 2008 WL 2557509, at *5 (granting summary judgment in favor of defendant where "the Plaintiff has no idea what caused her to fall," "there is no record evidence of any other person, employee, or customer who made such an observation," and subsequent inspections for foreign substances or debris "were negative").

In Williams, the plaintiff fell in the garage of defendant's oil change business. 866 So. 2d at 123-24. The plaintiff testified that she was not aware of anything that caused her fall, and instead asserted that there must have been a foreign substance on the floor because she would not have slipped otherwise. Id. After the fall, defendant's employee inspected the floor and found

no foreign substances.  Id.  The Fourth District Court of Appeals affirmed the entry of summary judgment for the defendant, concluding that the defendant had "met its burden by the introduction of the plaintiff's own testimony establishing a complete lack of knowledge as to whether anything may have caused her fall," "[c]oupled with an immediate examination of the subject premises" that did not reveal an foreign substances or debris. Id. at 124.

As in Williams and Gordon, Russell has provided no competent evidence supporting the existence of a dangerous condition.  To the contrary, she testified that she had no idea what, if anything, caused her to fall.  (Doc. #35-1, pp. 5, 10, 13.)  Target has provided the unchallenged testimony of three employees who inspected the area after Russell's fall and found no foreign substances, debris, or other dangerous condition.  (Id. at pp. 19-20, 23, 28.)  Given this undisputed evidence, Russell's testimony that there must have been something on the floor simply because her foot slipped is insufficient to create a genuine issue of fact regarding Target's alleged negligence.  Gordon, 2008 WL 2557509, at *5; Williams, 866 So. 2d at 123-24.  Therefore, Russell cannot prevail on her negligence causes of action and Target is entitled to summary judgment.

Accordingly, it is now

**ORDERED:**

7

Defendant's Motion for Final Summary Judgment (Doc. #35) is **GRANTED**, judgment is entered in favor of Defendant, and Plaintiff shall take nothing.  The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of November, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record